(89 South. 456)

## TOWN OF CAMDEN v. FAIRBANKS, MORSE & CO. (2 Div. 755.)

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied June 30, 1921.)

1. **Municipal corporations** ⊜➝864(3) — **Contract of sale held not to violate Constitution as to indebtedness.**

Const. 1901, § 225, limiting the indebtedness of cities and towns to 5 per centum of the assessed value, but permitting an additional indebtedness of 3 per centum for the construction or purchase of waterworks, etc., *held* not violated by contract for the sale of machinery to a municipality for use as part of its waterworks.

2. **Sales** ⊜➝479(1)—**Vendor of machinery held to have equitable lien.**

A lien exists in favor of vendor, enforceable in equity, on sale of water-pumping plant, sold to a municipality with title reserved.

3. **Appeal and error** ⊜➝1012(1) — **When evidence sufficient, decree not disturbed.**

Where there is sufficient evidence to support the decree of the trial court who saw and heard the witnesses, and the decree is not plainly contrary to the great weight of evidence, it will not be disturbed.

4. **Equity** ⊜➝429—**Trial court not bound by decree as dictated to stenographer.**

The trial court is not bound by a decree as dictated to the stenographer, but may revise and correct it before signing.

Anderson, C. J., and McClellan, J., dissenting.

Appeal from Circuit Court, Wilcox County; B. M. Miller, Judge.

Suit by Fairbanks, Morse & Co. against the Town of Camden for sale of certain property or its restoration to complainant and for general relief. From a decree granting the relief prayed, defendant appeals. Affirmed.

S. C. Godbold and Bonner & Miller, all of Camden, for appellant.

The duplicate originals were not properly authorized for execution. Section 1183, Code 1907; Acts 1909, p. 205; Acts 1911, p. 632; 45 Ala. 237; 28 Cyc. 664, 686. The decree dictated to the official stenographer was the final decree, and the court could not subsequently render a different decree. ·Section 3207, Code 1907; Chan. Rules 78 and 80. The entire transaction was void, because violative of section 225, Const. 1901. 91 Ala. 522, 8 South. 706, 24 Am. St. Rep. 931; 132 Ala. 249, 31 South. 87, 90 Am. St. Rep. 904; 158 Ala. 117, 58 South. 345; 174 Ala. 179, 56 South. 802; 146 Ala. 559, 41 South. 862; 54 Ala. 150, 25 Am. Rep. 671; 67 Ala. 92; 1 Ala. 449, 35 Am. Dec. 38; 6 Ala. 16; 38 Ala. 647; 78 South. 639; 203 Ala. 401, 83 South. 170; 10 Ala. App. 475, ·65 South. 440; 5 Ala. App. 387, 59 South. 315. The municipality cannot be estopped by acts of ratification or ·by the retention of the property. 146 Ala. 559, 41 South. 862; 63 Ala. 611; 67 Ala. 588, 42 Am. Rep. 118. The public have acquired rights that must be protected by receivership and use of such facilities. Section 5726, Code 1907; 54 Ala. 622; 144 U. S. 190, 12 Sup. Ct. 559, 36 L. Ed. 390.

Pettus, Fuller & Lapsley, of Selma, for appellee.

The constitutional limitation was not exceeded at the time the contract was made. 204 Ala. 112, 86 South. 8. In any event, complainant was entitled to take back the property. 174 Ala. 179, 56 South. 802; 107 U. S. 141, 1 Sup. Ct. 570, 27 L. Ed. 332; 130 Ky. 222, 113 S. W. 97, 20 L. R. A. (N. S.) 110.

PER CURIAM. This is the second appeal in this case. 204 Ala. 112, 86 South. 8. The report of the former appeal discloses considerable division among the justices as to the legal questions involved.

A majority of the court held that the contract was substantially executed in compliance with section 1183 of the Code of 1907, and was not therefore controlled by the case of the City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 South. 816.

[1] It was also held by SOMERVILLE, GARDNER, and THOMAS, JJ., that the facts did not render the transaction repugnant to section 225 of the Constitution. The other justices did not concur specifically as to this point, but none of them, except McCLELLAN, J., expressed themselves as to the holding of the three above-mentioned justices, as they placed their conclusion upon different lines, and proceeded upon the theory, or assumption, that said section 225 of the Constitution had not been violated. A majority of the court now hold that the opinion of THOMAS, J., on this point is

sound, and that the sale contract did not · violate the Constitution, and which said view was taken by the trial court in the rendition of the present decree.

[2, 3] A majority held upon former appeal and now hold, that the complaint has an equitable lien, with the right to enforce the same in the manner and form as pursued by complainant and as held by the trial court, while ANDERSON, C. J., McCLELLAN and BROWN, JJ., thought that the complainant's remedy was at law. The equity of the bill having been settled upon former appeal there was sufficient evidence to support the present decree of the trial court, who saw and heard the witnesses, or some of them, and the conclusion, not being plainly contrary to the great weight of the evidence, will not be disturbed by this court.

[4] The insistence that the trial court was bound by the decree as dictated to the stenographer, and had no right to correct, revise, or reform the same before signing, is without merit.

It results that the decree of the circuit court must be affirmed.

Affirmed.

SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J., and McCLELLAN, J., dissent.

MILLER, J., not sitting.